**SECURITY FINANCE CO. v. BAXTER DRUG CO. (No. 3265.)**

(Court of Civil Appeals of Texas. Texarkana. June 3, 1926.)

**1. Bills and notes ⬤⟞492.**

In action on note, defendant has burden of proving its plea of non est factum.

**2. Bills and notes ⬤⟞517—Finding that notes had not been executed and delivered held contrary to weight of evidence.**

Finding that notes had not been executed and delivered *held* contrary to weight of evidence, which included letters of purported maker expressly recognizing execution.

Appeal from Lamar County Court; W. Dewey Lawrence, Judge.

Suit by the Security Finance Company against the Baxter Drug Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Allen & Baughn, of Paris, for appellant.
Johnson & McMillan, of Paris, for appellee.

LEVY, J. The suit is by the appellant on promissory notes, as the owner and holder of the same, alleged to have been executed and delivered to the Brenard Manufacturing Company by the Baxter Drug Company, a partnership composed of the two persons named. The notes were signed, "Baxter Drug Company, by Thomas Matthews," who was a member of the firm. After the institution of the suit, Mr. Baxter, the other member of the firm, died. The answer consisted of a general denial and a plea of non est factum. After hearing the evidence, the court entered judgment in favor of the defendant upon the finding that the plea of non est factum was sufficiently sustained by the facts.

[1, 2] In view of the circumstances appearing in the particular case, we are unwilling to overrule the appellant's contention that the above finding made by the court is contrary to the weight of the evidence. The two letters of the Baxter Drug Company to the Brenard Manufacturing Company in regard to the payment of the notes at the time of maturity show recognition, in effect an admission, by the Baxter Drug Company of the execution of the notes sued on. The writing and signing of the letters by the particular member of the drug company were expressly admitted by him. There was proof of similarity of handwriting of the letters and the notes in suit. The letters dealt with the payment of the notes, and the notes mentioned therein are the very notes in suit. The first letter, September 26, 1924, addressed to the Brenard Manufacturing Company, reads:

"Gentlemen: We are advised to-day that our note has been forwarded to the Howland State Bank by the Commercial State Bank of Iowa City for collection. For what do you claim payments? We have not received any merchandise from you and therefore are not indebted to you. Our sales agreement was when we had received and sold the machines they were to be paid for. Hence we request that you recall the note until such time as you are able to comply with your part of the agreement under which these notes were made. Until then we absolutely refuse to honor the same."

The next letter, of October 4, 1924, reads:

"Gentlemen: We have yours of September 29. In reply to same we have this to say, which is final so far as we are concerned. Your salesman misrepresented the sales plan to us. Your Company accepted our application for agency, which was a sales agreement pure and simple, with no purchase of goods involved; therefore we have not purchased anything from you. * * * We refuse to honor any of the notes and will suggest that you accept our countermand and return the notes to us at once, and by so doing close the incident."

The Brenard Manufacturing Company declined to cancel the sales agreement, and declined "to return the notes," but expressly stated to the Baxter Drug Company that "the Security Finance Company, who is now the owner of the notes, will expect them paid." In no wise was the suggestion or claim made in these letters that "our note" was not signed or its execution authorized by the Baxter Drug Company. The only objection made was that of failure of consideration. Yet the drug company, writing the letters, knew at the time whether or not "our note" or "the notes" had been executed by the partnership or by its authority. In explanation of the language of the letters, the writer thereof testified at the time of the trial that the words "notes" and "our note" in the letters were intended to refer "to the application for agency and blank sales contract," and were used merely "because he was following the language of the Brenard Manufacturing Company letters written to the Baxter Company." No valid reason, though, was given for a mistaken use of the word "notes." The phraseology of the letters was clear and distinct, and not misleading. The letters were plainly dealing with "the notes," as distinct from the agency and sales agreement. The "note" was in the local bank at the time, "for collection." The notes and the agency agreement were separate papers, and the particular defendant was fully competent, it appears, to make distinction between a "note" and a separate sales and agency agreement. The distinct recognition, in effect an admission, of the execution of the notes, freely and voluntarily made at a time when their payment was sought, is of strong probative force. At least in the light of the circumstances, considered as a whole, the burden of proof cast upon the defendant has not been sufficiently met to

justify overruling the appellant's contention. The present holder of the notes, the appellant here, became the purchaser of the notes in due course of trade, in reliance upon the fact that the notes were duly executed and delivered.

The judgment is reversed, and the cause is remanded.